**IN THE UNITED STATES DISTRICT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

# If you purchased and/or used the Suave® Professionals Keratin Infusion 30-Day Smoothing Kit, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- The settlement will provide a total of $10,250,000 to fully settle and release claims of all persons who purchased and/or use the Suave® Professionals Keratin Infusion 30-Day Smoothing Kit (the "Smoothing Kit") in the United States, excluding any person who purchased the Kit for resale and any person who previously signed a release of claims relating to the Smoothing Kit.

- The settlement resolves three lawsuits brought against Unilever United States, Inc., Conopco, Inc. and Les Emballages Knowlton, Inc. (collectively, "Defendants"). The lawsuits allege that Defendants designed, manufactured and sold the Smoothing Kit, that the Smoothing Kit caused some consumers who used it to suffer injuries to their hair and/or scalp, and that Unilever United States, Inc. misled consumers into purchasing and using the Smoothing Kit by making false and misleading statements about the safety of the Smoothing Kit and failing to disclose its risks. Defendants deny that they did anything wrong.

- Your legal rights are affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: ||
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or the other Released Parties about the Smoothing Kit. |
| **OBJECT** | Write to the Court about why you don't like the settlement. |
| **GO TO A HEARING** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the settlement. Payments will be made if the Court approves the settlement and after appeals are resolved. Please be patient.

QUESTIONS? CALL 1-888-848-9961 TOLL FREE, OR VISIT WWW.SUAVE30DAYSMOOTHINGKITLAWSUIT.COM

| **WHAT THIS NOTICE CONTAINS** |
|---|

**BASIC INFORMATION** …………………………………………… PAGE 3
   1. What is this lawsuit about?
   2. Why is this a class action?
   3. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** …………………………………… PAGE 3
   4. How do I know if I am part of the settlement?
   5. If I purchased the Smoothing Kit but did not suffer any bodily injury, am I included?
   6. Are there exceptions to being included?
   7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ………………. PAGE 5
   8. What does the settlement provide?
   9. Reimbursement of purchase (up to $10).
   10. Payment for bodily injury and related psychological injury.

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM** ………… . PAGE 6
   11. How can I get a payment?
   12. What supporting documents am I required to submit?
   13. When would I get my payment?
   14. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ……………… PAGE 8
   15. How do I get out of the settlement?
   16. If I don't exclude myself, can I sue Unilever for the same thing later?
   17. If I exclude myself, can I get money from this settlement?

**THE LAWYERS REPRESENTING YOU** ……………………………. . PAGE 9
   18. Do I have a lawyer in the case?
   19. How will the lawyers and other expenses be paid?

**OBJECTING TO THE SETTLEMENT** ……………………………. . PAGE 9
   20. How do I tell the court that I don't like the settlement?
   21. What is the difference between objecting and excluding?

**THE COURT'S FINAL APPROVAL HEARING** ……………………. PAGE 9
   22. When and where will the Court decide whether to approve the settlement?
   23. Do I have to come to the hearing?
   24. May I speak at the hearing?

**IF YOU DO NOTHING** …………………………………………… PAGE 10

**GETTING MORE INFORMATION** ……………………………. . PAGE 11
   25. Are there more details about the settlement?
   26. How do I get more information?

QUESTIONS? CALL 1-888-848-9961 TOLL FREE, OR VISIT WWW.SUAVE30DAYSMOOTHINGKITLAWSUIT.COM

## BASIC INFORMATION

### 1. What is this lawsuit about?

Plaintiffs filed three lawsuits claiming that Unilever United States, Inc. ("Unilever U.S.") misled consumers into purchasing and using the Smoothing Kit by making false and misleading statements concerning the safety of the Smoothing Kit, and by failing to disclose that the Smoothing Kit posed an unreasonable risk of hair and/or scalp injury when used by consumers in accordance with the product warnings and instructions, or when misused by consumers in ways that were foreseeable. Plaintiffs also sued Conopco, Inc., which distributed the Smoothing Kit. Conopco, Inc. is an affiliate of Unilever U.S. and the two companies are referred to together in this notice as "Unilever." Plaintiffs also sued Les Emballages Knowlton, Inc. ("LEK"), the company that manufactured and packaged the Smoothing Kit. All Defendants deny that they did anything wrong and deny that the Smoothing Kit posed an unreasonable risk of harm to consumers.

### 2. Why is this a class action?

In a class action, one or more people, called Class Representatives (in this case, Sidney Reid, Alisha Barnett, Dawn Damrow, Fran Pennell, Terri Naiser, Jonnie Phillips, Josephine Wells and Catherine Reny), sue on behalf of people who have similar claims. All of those who have claims similar to the Class Representatives are Class Members, except for those who are excluded or who exclude themselves from the Class (see Question 15). One Court resolves the issues for all Class Members. Here, the Court has preliminarily certified a Class for settlement purposes only. United States District Judge Ruben Castillo is in charge of this class action.

### 3. Why is there a settlement?

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the Class Members who timely submit a claim supported by appropriate documentation (see Question 15) will get compensation. The Class Representatives and the attorneys think the settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT?

To be eligible to submit a claim for a payment from the settlement, you must be a Class Member.

### 4. How do I know if I am part of the settlement?

You are a Class Member for purposes of the settlement if you fit this description:

3

> All persons who purchased or used the Smoothing Kit in the United States before February 17, 2014, excluding (a) any such person who purchased for resale and not for personal or household use, (b) any such person who signed a release of any Defendant in exchange for valid consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors, or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding judges in the Smoothing Kit Lawsuits and their immediate family members.

### 5. If I purchased the Smoothing Kit but did not suffer any bodily injury, am I included?

Any person who purchased the Smoothing Kit in the United States before February 17, 2014 is a Class Member unless such person is within one of the excluded categories or excludes himself or herself from the Class, even if such person did not suffer any bodily injury from using the Smoothing Kit. However, a Class Member who purchased the Smoothing Kit but did not suffer injury is eligible only for reimbursement of the purchase price of the Smoothing Kit, up to a maximum payment of $10.

### 6. Are there exceptions to being included?

The following categories of people are not included in the Class even if they purchased the Smoothing Kit in the United States before February 17, 2014:

- Persons who purchased the Smoothing Kit for resale and not for personal or home use;
- Persons who signed a release of any Defendant for consideration;
- Officers, directors or employees, or immediate family member of officers, directors, or employees, of any Defendant or any entity in which a Defendant has a controlling interest;
- Any legal counsel or employee of legal counsel for any Defendant; and
- The presiding judges in the Smoothing Kit Lawsuits and their immediate family members.

### 7. I'm still not sure if I'm included.

If you are still not sure whether you are eligible to submit a claim, you can call 1-888-848-9961 or visit www.Suave30DaySmoothingKitLawsuit.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

Unilever has agreed to create two funds: a "Reimbursement Fund" of $250,000, to reimburse consumers for their purchase of the Smoothing Kit, and an "Injury Fund" of $10,000,000, to compensate consumers for bodily injuries and for emotional distress that accompanied such bodily injuries. Class Members may be eligible to receive a payment from one or both funds.

### 9. Reimbursement of purchase (up to $10).

Any Class Member who purchased the Smoothing Kit and does not timely request exclusion (see Question 15) may submit a claim against the Reimbursement Fund for a one-time payment of $10. If the claims made against the Reimbursement Fund collectively exceed the total amount of that Fund, the payments made from the Reimbursement Fund to each Class Member who submitted a valid claim against the Fund will be reduced *pro rata*. If there are amounts remaining in the Reimbursement Fund after payment of all claims determined to be valid, then those remaining amounts shall be added to the Injury Fund.

### 10. Payment for bodily injury and/or related expenses.

Any Class Member who suffered bodily injury to his or her hair or scalp, including but not limited to hair loss, significant damage to their hair, or scalp damage, as a result of using the Smoothing Kit ("Covered Injury") and who does not timely request exclusion (see Question 15) may submit a claim against the Injury Fund.

**Benefit Option A:** Class Members who incurred expenses to redress their Covered Injuries but who do not have receipts for those expenses may make a claim under Benefit Option A for reimbursement of their expenses in an amount not to exceed $40 per claimant. Dahl Administration LLC, the Settlement Administrator for the settlement, will determine the validity of any claims submitted under Option A and the amount, if any, to be paid to each Class Member who submits such a claim.

**Benefit Option B:** Class Members who incurred expenses to redress their Covered Injuries for which they have proof in the form of receipts may make a claim under Benefit Option B for reimbursement of their documented expenses in an amount not to exceed $800 per claimant. The Settlement Administrator will determine the validity of any claims submitted under Option B and the amount, if any, to be paid to each Class Member who submits such a claim.

**Benefit Option C:** Class Members who have suffered significant Covered Injuries may make a claim under Benefit Option C to recover damages for those injuries, up to a maximum amount per Claimant of $25,000. Class Members who submit claims for reimbursement of

expenses may also submit claims for payment under Option C. Expenses for Covered Injuries that exceed the amounts covered by Benefit Options A and B may be submitted for payment under Option C. Retired Magistrate Judge Nan Nolan, who has been appointed as Special Master to evaluate claims to the Injury Fund, will determine the amount, if any, to be paid to each Class Member who submits a claim under Option C, in accordance with Guidelines that have been agreed to by the parties. Those Guidelines can be found on the Class Website, as Exhibit 5 to the Settlement Agreement. The Special Master will also review any denials of claims made under Options A and B, and will make the final determination as to all denials of claims made against the Injury Fund under any of the benefit options.

If the claims made against the Injury Fund collectively exceed the total amount of that Fund, the payments made from the Injury Fund to each Class Member who submitted a valid claim will be distributed *pro rata*, under a formula to be approved by the Court. If there are amounts remaining in the Injury Fund after the payment of all claims that have been determined to be valid, then the remaining amounts will be returned to Unilever.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM

**11. How can I get a payment?**

To qualify for payment, you must complete and submit the appropriate Claim Form, signed by you under penalty of perjury, along with certain supporting documents, which are described below. The Claim Forms are enclosed with this notice. Online Claim Forms and instructions for submitting claims online are available at www.Suave30DaySmoothingKitLawsuit.com. Claim Forms and instructions for completing them can also be obtained by calling 1-888-848-9961. Read the instructions carefully, complete the Claim Form, include all the documents it asks for, sign it and submit it with the supporting documents no later than **[insert claim submission deadline]**, in one of the following ways:

(1) Mail the completed and signed Claim Form and supporting documents, postmarked by _____**, 2014**, to the Settlement Administrator at:

> Smoothing Kit Class Administrator
> c/o Dahl Administration
> P.O. Box 3614
> Minneapolis, MN 55403-0614

> OR

(2) Deliver the completed and signed Claim Form and supporting documents by hand or courier delivery, for receipt by _____**, 2014**, to the Settlement Administrator at:

> Smoothing Kit Class Action Administrator
> c/o Dahl Administration
> 6465 Wayzata Blvd., Suite 420
> Minneapolis, MN 55426

OR

   (3) Email the completed and signed Claim Form and supporting documents in pdf form to mail@Suave30DaySmoothingKitLawsuit.com for receipt by _____, **2014**.

| **12. What supporting documents am I required to submit?** |
|---|

To be eligible for a payment from the **Reimbursement Fund**, you must submit to the Settlement Administrator, in addition to a completed Claim Form signed under penalty of perjury, appropriate proof, if available, that you purchased the Smoothing Kit ("Purchase Evidence"). Purchase Evidence may be a receipt, a credit card statement, product packaging, supporting declarations, or any other evidence of your purchase that the Settlement Administrator deems acceptable.

To be eligible for a payment from the **Injury Fund** under **Benefit Option A**, you must submit to the Settlement Administrator, in addition to a completed Claim Form signed under penalty of perjury, (1) a declaration signed by you under penalty of perjury that includes the date or approximate date that you used the Smoothing Kit, the cost or approximate cost of the Smoothing Kit, a description of the injuries you suffered and the expenses you incurred to redress those injuries; and (2) supporting evidence that you purchased or otherwise received the Smoothing Kit, including a receipt, credit card statement, product packaging, supporting declarations, or any other evidence that the Settlement Administrator deems acceptable.

To be eligible for a payment from the **Injury Fund** under **Benefit Option B**, you must submit to the Settlement Administrator, in addition to a completed Claim Form signed under penalty of perjury, (1) a declaration signed by you under penalty of perjury that includes the date or approximate date that you used the Smoothing Kit, the cost or approximate cost of the Smoothing Kit, and a description of the injuries you suffered; (2) supporting evidence that you purchased or otherwise received the Smoothing Kit, including a receipt, credit card statement, product packaging, declarations, or any other evidence that the Settlement Administrator deems acceptable; and 3) proof of expenses incurred to redress your injuries, including receipts or other documentation (such as declarations supplied by a medical provider or hairdresser confirming the amount spent to redress your injuries) identifying all expenses for which you seek reimbursement.

To be eligible for a payment from the **Injury Fund** under **Benefit Option C**, you must submit to the Settlement Administrator, in addition to a completed Claim Form signed under penalty of perjury, (1) a declaration signed by you under penalty of perjury that includes the date or approximate date that you used the Smoothing Kit, the cost or approximate cost of the Smoothing Kit, and a description of the injuries you suffered; (2) supporting evidence that you purchased other otherwise received the Smoothing Kit, including a receipt, credit card statement, product packaging, supporting declarations, or any other evidence acceptable to the Special Master; and 3) supporting evidence of the injuries you suffered, such as photographs, videos, medical records, information provided to Unilever's consumer services line, or any other

evidence acceptable to the Special Master regarding the injury suffered at or near the time of the application of the Smoothing Kit.

### 13. When would I get my payment?

The Court will hold a hearing at _____ on _____, **2014** to decide whether to approve the settlement. If Judge Castillo approves the settlement, after that, there may be appeals. Payments under the settlement will not be made until after any appeals have been resolved with no reversal or material modification of Judge Castillo's approval of the settlement. Please be patient.

### 14. What am I giving up to get a payment or stay in the Class?

Unless you exclude yourself, you are staying in the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against any of the "Released Parties" about the Smoothing Kit. The Released Parties are: Unilever United States, Inc., Conopco, Inc., Unilever N.V., Unilever PLC, their successors, assigns, agents, employees, consultants, independent contractors, direct and indirect retail customers and brokers, insurers, parents, subsidiaries and other corporate affiliates, together with Les Emballages Knowlton, Inc. and its successors, assigns, parents, subsidiaries and other corporate affiliates. Staying in the Class means that you will have the right to submit a Claim Form, and will also mean that you release all claims against the Released Parties arising out of or relating in any way to the purchase and/or use of the Smoothing Kit, regardless of whether such claim is known or unknown, asserted or as yet unasserted. Staying in the Class also means that all of the Court's orders will apply to you and legally bind you

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to submit a claim for payment from the settlement, but you want to keep the right to sue or continue to sue Defendants (or any of the other Released Parties) on your own about the Smoothing Kit, then you must take steps to get out. This is called excluding yourself, or is sometimes referred to as opting out of the Settlement Class.

### 15. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter by mail saying that you want to be excluded from the settlement. Be sure to include the case name and number, *Reid v. Unilever United States, Inc.*, 12 cv 6058, your name, address, telephone number, and your signature. You must mail your exclusion request postmarked no later than _____, **2014** to the Settlement Administrator at Smoothing Kit Exclusions, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614.

Requests for exclusion must be exercised individually, not as or on behalf of a group, class or subclass. You cannot exclude yourself by phone or by email. If you ask to be excluded, you will

not get any settlement payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Defendants (or the other Released Parties) in the future, after the settlement is finally approved. Do not submit both a Claim Form and a request for exclusion. If you submit both, your request for exclusion will be disregarded.

### 16. If I don't exclude myself, can I sue Defendants for the same thing later?

No. Unless you exclude yourself, you give up any right to sue the Defendants for claims about the Smoothing Kit. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue your own lawsuit. Remember, the exclusion deadline is _____, **2014**.

### 17. If I exclude myself, can I get money from this settlement?

No. If you exclude yourself, do not send in a Claim form to ask for any money. However, you may be able to sue, continue to sue, or be part of a different lawsuit against the Defendants.

## THE LAWYERS REPRESENTING YOU

### 18. Do I have a lawyer in this case?

The Class is represented by Jana Eisinger of the Law Offices of Jana Eisinger, PLLC, Mount Vernon, New York: Peter Safirstein of Morgan & Morgan, PC, New York, New York; Christopher Polaszek of Morgan & Morgan, PA, Tampa, Florida; and liaison counsel Marvin Miller of Miller Law, LLC, Chicago, Illinois. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 19. How will the lawyers and other expenses be paid?

Class Counsel will ask the Court for an award of attorneys' fees and expenses, and to approve a payment of $10,000 to Sidney Reid and payments of $7,500 to each of the other Class Representatives for their services as Class Representatives. Unilever will separately pay the attorneys' fees and expenses that the Court awards, as well as the payments to the Class Representatives. These amounts will not come out of the funds for payments to Class Members. Unilever will also separately pay the costs to administer the settlement.

## OBJECTING TO THE SETTLEMENT

If you are a Class Member, you can tell the Court that you don't agree with the settlement or some part of it.

### 20. How do I tell the Court that I don't like the settlement?

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To be effective, any objection must be in writing, and must contain the following information ("Written Notice of Objection"): (1) a heading referring to the *Reid v. Unilever United States* lawsuit and identification of any litigation in which you are a named party; (2) a statement whether you intend to appear at the Final Approval Hearing, either in person or through counsel, and if through counsel, information identifying that counsel by name, address, bar number, and telephone number; (3) a statement of the legal and factual reasons for your objection; (4) a description of any and all evidence you may offer at the Final Approval Hearing, including but not limited to the names and expected testimony of any witnesses, and copies of any exhibits; and 5) your signature.

If you are represented by your own lawyer (*i.e.*, not Class Counsel) then your lawyer must file an appearance and your Written Notice of Objection with the Clerk of the Court in which the *Reid v. Unilever* lawsuit is pending by _____, 2014, and must also mail these materials to the Settlement Administrator at Smoothing Kit Objections, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614, postmarked no later than _____, 2014. If you are not represented by your own lawyer you must mail your Written Notice of Objection to the Settlement Administrator at Smoothing Kit Objections, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614, postmarked no later than _____, 2014.

The right to object to the settlement must be exercised individually by a Class Member or his or her attorney, and not as a member of a group, class or subclass.

### 21. What is the difference between objecting and excluding?

Objecting is simply telling the Court that you don't like something about the settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you don't want to be part of the Class. If you exclude yourself, you have no basis to object because the case no longer affects you. If you submit both a request to be excluded and an objection to the settlement, the Court will honor your request to be excluded. Your objection will be disregarded.

## THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend personally or through your own lawyer, at your own expense, and you may ask to speak, but you don't have to do either.

### 22. When and where will the Court decide whether to approve the settlement?

The Court will hold a Final Approval Hearing at _____ on _____, at the United States District Court for the Northern District of Illinois, 219 S. Dearborn Street, Chicago,

Illinois in Courtroom 2541. At this hearing the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. Judge Castillo will listen to people who have asked to speak at the hearing and who have complied with the requirements for submitting objections set forth in Question 20 above. After the hearing, the Court will decide whether to approve the settlement. We do not know how long that decision will take.

### 23. Do I have to come to the hearing?

No. Class Counsel will answer questions Judge Castillo may have. However, you are welcome to come at your own expense. If you submit an objection, you do not have to come to Court to talk about it. As long as you submitted your objection on time in accordance with the procedures set forth in Question 20 above, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary.

### 24. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted in accordance with the procedure set forth in Question 20 above. You cannot speak at the Final Approval Hearing if you have excluded yourself.

## IF YOU DO NOTHING

If you do nothing, you will get no money from this settlement. If you do not submit a Claim Form, your claim will not be considered. If you do not exclude yourself, you will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Defendants (or the other Released Parties) about the Smoothing Kit, ever again.

## GETTING MORE INFORMATION

### 25. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement by visiting www.Suave30DaySmoothingKitLawsuit.com, by calling the Settlement Administrator toll free at 1-888-848-9961, or by writing to Class Counsel at any of these addresses:

| | |
|---|---|
| Jana Eisinger | Peter Safirstein |
| Law Office of Jana Eisinger | Morgan & Morgan, P.C. |
| 11 West Prospect Ave. | 28 W. 44th St., Suite 2001 |
| Mount Vernon, NY 10550 | New York, NY 10036 |

11

| | |
|---|---|
| Christopher Polaszek | Marvin Miller |
| Morgan & Morgan, P.A. | Miller Law LLC |
| One Tampa City Center | 115 S. LaSalle St. |
| 201 N. Franklin St., 7th Fl. | Chicago, IL  60603 |
| Tampa, FL  33602 | |

| **26.  How do I get more information about the settlement?** |
|---|

You can call 1-888-848-9961 toll free, write to the Settlement Administrator at Smoothing Kit Class Action Administrator, c/o Dahl Administration, P.O. Box 3614, Minneapolis, MN 55403-0614, or visit the website at www.Suave30DaySmoothingKitLawsuit.com, where you will find answers to common questions about the settlement, the Claim Form and instructions for submitting it, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

**PLEASE DO NOT CALL THE COURT FOR INFORMATION OR ADVICE**