

IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| SIDNEY REID, ALISHA BARNETT, DAWN DAMROW and FRAN PENELL, on Behalf of Themselves and all Others Similarly Situated,<br><br>Plaintiffs,<br>v.<br><br>UNILEVER UNITED STATES, INC., LEK, INC., and CONOPCO, INC. d/b/a UNILEVER HOME AND PERSONAL CARE USA,<br><br>Defendants. | Case No. 12 CV 6058<br>Hon. Ruben Castillo |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO SETTLEMENT CLASS

Plaintiffs Sidney Reid, Alisha Barnett, Dawn Damrow and Fran Penell, together with Terri Naiser, Jonnie Phillips, Josephine Wells and Catherine Reny (collectively, the "Named Plaintiffs"), on behalf of themselves and as putative representatives of the Settlement Class defined in Paragraph 3 below, have entered into a February 7, 2014 Class Action Settlement Agreement and exhibits (the "Settlement Agreement") with Unilever United States, Inc. ("Unilever U.S."), and Conopco, Inc. d/b/a Unilever Home and Personal Care USA ("Conopco") (collectively, "Unilever"), to settle three separate suits known as the "Smoothing Kit Lawsuits," including the above-captioned suit (the "Action" or "Lawsuit"), and also including *Naiser, et al. v. Unilever United States, Inc., et al.*, Case No. 13-cv-395-JHM (WD KY), pending in the United States District Court for the Western District of Kentucky (the "Naiser Suit"), and *Wells, et al. v. Unilever United States, Inc., et al.*, Case No. 13-cv-04749 (ND CA), pending in the United States District Court for the Northern District of California (the "Wells Suit"). The Settlement

Agreement provides for the resolution of all claims that were or could have been raised in the Smoothing Kit Lawsuits, including claims against Unilever and its co-defendant Les Emballages Knowlton, Inc. ("LEK") (collectively, the "Released Claims"), as further provided in the Settlement Agreement. This Preliminary Approval Order ("Order") will refer to the Named Plaintiffs and Unilever as the "Parties" to the Settlement Agreement, and will refer to Unilever and LEK collectively as Defendants.

The Parties to the Settlement Agreement have filed a Joint Motion for Preliminary Approval of the Proposed Settlement (the "Motion for Preliminary Approval"). Having reviewed the Settlement Agreement, the Motion for Preliminary Approval, and the pleadings and other papers on file in this Action, and having also considered the statements of counsel, the Court finds that the Motion for Preliminary Approval should be granted and that this Order should be entered. The Court hereby gives its preliminary approval to the settlement, orders that Terri Naiser, Jonnie Phillips, Josephine Wells and Catherine Reny be added to this Action as plaintiffs, orders that notice be sent to the Settlement Class, enjoins pending or future proceedings in aid of its jurisdiction, and schedules a Final Approval Hearing to determine whether the proposed settlement is fair, reasonable, and adequate.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Settlement Agreement is hereby incorporated by reference in this Order, and all terms and phrases used in this Order shall have the same meaning as in the Settlement Agreement.

2. Named Plaintiffs Terri Naiser, Jonnie Phillips, Josephine Wells and Catherine Reny are hereby added to this Action as plaintiffs.

3. This Court has personal jurisdiction over all Settlement Class Members and subject matter jurisdiction to approve the Settlement Agreement.

4. The Court finds that Plaintiffs have made a sufficient showing for purposes of preliminary approval that the requirements for certifying the Settlement Class under Federal Rule of Civil Procedure 23 have been satisfied. The Court finds that the proposed settlement and Settlement Agreement are sufficiently fair, reasonable, and adequate to allow dissemination of notice of the proposed settlement to potential Settlement Class Members, and to hold a Final Approval Hearing.

5. The Court further finds that neither the certification of the Settlement Class, nor the settlement of this Action, shall be deemed to be a concession by Defendants of the propriety of the certification of a litigation class, in this Action or any other action, and Defendants shall retain all rights to assert that the Action may not be certified as a class action except for settlement purposes. Furthermore, the preliminary certification of the Settlement Class, appointment of the class representatives and Class Counsel, and all other actions associated with preliminary approval are undertaken on the condition that the certification and other actions shall be vacated if the Settlement Agreement is terminated or disapproved in whole or in part by the Court, any appellate court, and/or any other court of review, or if Unilever invokes the right to revoke the settlement according to the terms of the Settlement Agreement, in which case the Settlement Agreement and that fact that it was entered into shall not be offered, received, or construed as evidence for any purpose, including but not limited to an admission by Defendants of liability or of any misrepresentation or omission in any statement or written document approved or made by Defendants; or of the certifiability of a litigation class, as further provided in the Settlement Agreement.

6. For purposes of the Settlement Agreement and for settlement only, the Court preliminarily certifies the following Settlement Class pursuant to Federal Rule of Civil Procedure 23:

> All persons who purchased or used the Smoothing Kit in the United States before February 17, 2014, excluding (a) any such person who purchased for resale and not for personal or household use, (b) any such person who signed a release of any Defendant in exchange for consideration, (c) any officers, directors or employees, or immediate family members of the officers, directors or employees, of any Defendant or any entity in which a Defendant has a controlling interest, (d) any legal counsel or employee of legal counsel for any Defendant, and (e) the presiding judges in the Smoothing Kit Lawsuits and their immediate family members.

7. The Court finds, solely for purposes of preliminary approval, that (a) members of the proposed Settlement Class are so numerous as to make joinder of all members impracticable; (b) there are questions of law or fact common to the proposed Settlement Class; (c) the claims of the Named Plaintiffs are typical of the claims of the proposed Settlement Class; (d) the Named Plaintiffs and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class; (e) questions of law or fact common to the members of the proposed Settlement Class predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

8. The Court appoints the Named Plaintiffs as class representatives of the proposed Settlement Class.

9. The Court appoints the following attorneys to act as Class Counsel: Jana Eisinger, of the Law Offices of Jana Eisinger, PLLC, Peter Safirstein, of Morgan & Morgan, P.C., and Christopher Polaszek, of Morgan & Morgan, P.A., and as Liaison Counsel Marvin Miller, of Miller Law, LLC.

10. The Court appoints Dahl Administration LLC as Settlement Administrator, which shall administer the settlement in accordance with the terms and conditions of this Order and the Settlement Agreement.

11. The Court appoints the Hon. Nan R. Nolan (Ret.) of JAMS as Special Master to evaluate and make a final determination of claims submitted to the Injury Fund, Benefit Option C, and to review the Settlement Administrator's denial of claims made for Benefit Options A or B in accordance with the terms and conditions of the Settlement Agreement.

12. The Court directs that the confidential agreement between the Parties described in Paragraph 19.C of the Settlement Agreement shall be submitted to and maintained by the Court under seal.

13. The Court finds preliminarily that the Class Notice described in the Settlement Agreement and in the Notice Plan submitted to the Court is (i) the best practicable notice; (ii) reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action and of the proposed settlement, and of their right to object or to exclude themselves from the proposed settlement; (iii) reasonable, due, adequate, and sufficient notice to all persons entitled to receive notice; and (iv) compliant with applicable law and due process.

14. The Court approves the use of claim forms without material alteration from Exhibits 2, 3, 4 and 6 of the Settlement Agreement (the "Claim Forms"). The Court directs that the Claim Forms be made available with the mailed and Website Notice. To be considered for a possible benefit, Claim Forms must be postmarked by no later than __9/25/__, 20_14_ (two hundred and twenty (220) days after the Claim Form is posted on the Settlement Website). Any Claim Form postmarked after this date shall be untimely and invalid. Each Claim Form must be signed under penalty of perjury by the Settlement Class Member.

15. The Court approves the notices described in the Notice Plan. The Court approves the Class Website as described in Paragraph 11(B) of the Settlement Agreement, which may be amended during the course of the settlement as appropriate and agreed to by the Parties, and which shall be maintained for at least 60 days after the expiration of the period for submission of Claim Forms.

16. The Court directs the Settlement Administrator to maintain a toll-free VRU telephone system containing recorded answers to frequently asked questions, along with an option permitting potential Settlement Class Members to leave messages in a voicemail box and receive a return call.

17. The Court orders the Settlement Administrator, at or before the Final Approval Hearing, to file proof of mailed, e-mailed, website, publication and governmental notice in accordance with CAFA, as well as a list of all persons who timely requested exclusion from the Settlement Class, and an affidavit attesting to the accuracy of that list (the Opt-Out List).

18. Any Settlement Class Member who wishes to be excluded from the Settlement Class must comply with the terms set forth in the Settlement Agreement and the Notice, and mail to the Settlement Administrator an appropriate and timely request for exclusion postmarked no later than ___5/28/14___ (one hundred (100) days after the Website Notice Date), that complies with the requirements of Paragraph 9(C) of the Settlement Agreement. Requests for exclusion must be exercised individually by a Settlement Class Member, not as or on behalf of a group, class, or subclass.

19. Any Settlement Class Member who timely requests exclusion from the Settlement Class in accordance with the Class Notice shall not be bound by any judgments entered in this

Action and shall not be entitled to receive any benefits provided by the settlement in the event it is finally approved by the Court.

20. Any Settlement Class Member who does not timely request exclusion as set forth in the Class Notice shall be bound by all proceedings, orders, and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims, as defined in the Settlement Agreement, and even if he or she never received actual notice of the Action or the settlement.

21. Unless and until the Court determines in the Final Approval Order that Settlement Class members have timely and properly excluded themselves from the Settlement Class as set forth in the Notice and Settlement Agreement, Settlement Class Members and their legally authorized representatives are preliminarily enjoined: (i) from filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on, relating to, or arising out of the claims, assertions and causes of action raised in the Action and/or the Released Claims, or the facts and circumstances relating to any of them; (ii) from filing, commencing, or prosecuting a lawsuit or administrative, regulatory, arbitration, or other proceeding as a class action on behalf of Settlement Class Members who have not timely excluded themselves (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to, or arising out the claims, assertions and causes of action raised in the Action and/or the Released Claims, or the facts and circumstances relating to any of them; and (iii) from attempting to effect an opt-out of a class of individuals in any lawsuit or administrative, regulatory, arbitration, or other proceeding based on, relating to, or arising out of the claims, assertions and causes of action raised in the

Action and/or the Released Claims, or the facts and circumstances relating to any of them, in the Action and/or the Released Claims.

22. Any Settlement Class Member who does not timely request exclusion as set forth in the Notice, and any governmental entity, who wishes to object to the fairness, reasonableness, or adequacy of the proposed settlement, including the Attorneys' Fee Award, must submit an objection no later than __5/28/14__ (one hundred (100) days after the Website Notice Date) that complies with the requirements for objections as set forth in the Settlement Agreement and the Class Notice. The objection must contain at least the following: (1) a heading that refers to the Action by case name and number (*Reid, et al. v. Unilever United States, Inc., et al.*, Case No. 12-cv-6058); (2) a statement whether the objecting Settlement Class Member or governmental entity intends to appear at the Final Approval Hearing, either in person or through counsel and, if through counsel, a statement identifying that counsel by name, bar number, address, and telephone number; (3) a statement of the specific legal and factual basis for each objection; and (4) a description of any and all evidence the objecting Settlement Class Member or governmental entity may offer at the Final Approval Hearing, including but not limited to the names and expected testimony of any witnesses. The objection must be mailed to the Settlement Administrator (postmarked on or before __5/28/14__ (one hundred (100) days after the Website Notice Date)) and filed with the Court on or before that same date. In filing objections in this Court, objectors must comply with all applicable rules and laws. Failure to adhere to these requirements will bar the objection.

23. Any Settlement Class Member who timely serves a written objection in accordance with paragraph 21 of this Order and paragraph 10 of the Settlement Agreement may appear at the Final Approval Hearing, either in person or through an attorney. Settlement Class

Members who do not adhere to these requirements will not be heard at the Final Approval Hearing.

24. The right to object to the proposed settlement must be exercised individually by a Settlement Class Member or his or her attorney, not as a member of a group, class, or subclass.

25. The Settlement Administrator shall maintain a post office box to be used for receiving requests for exclusion, objections, notices of intention to appear, and any other communications.

26. The Settlement Administrator shall promptly furnish Class Counsel and Defendants' counsel with copies of any and all written objections, requests for exclusion, notices of intention to appear, or other communications that come into its possession, except as otherwise provided in the Settlement Agreement.

27. A Final Approval hearing shall be held on ___July 9___, at _1:30_ p.m. before the undersigned for the purpose of determining (a) whether the proposed settlement is fair, reasonable, and adequate and should be finally approved by the Court and (b) whether to issue a Final Order and Judgment without material alteration from Exhibit 7 of the Settlement Agreement. The Court reserves the right to adjourn or continue the Final Approval Hearing, or any further adjournment or continuance thereof, without further notice other than announcement at the Final Approval Hearing or at any adjournment or continuance thereof, and to approve the settlement with modifications, if any, consented to by Class Counsel and Defendants' Counsel without further notice.

28. All pretrial proceedings in the Action are stayed and suspended until further order of this Court.

Dated: 2/12/14

Hon. Ruben Castillo, Chief Judge
United States District Court, Northern District of Illinois

40996-0002
CH2\14185773.2