UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY REID, ALISHA
BARNETT, DAWN DAMROW,
and FRAN PENNELL, on Behalf
of Themselves and all Others                    1:12-cv-06058
Similarly Situated,

                 Plaintiffs,

                                  Judge Ruben Castillo

v.

UNILEVER UNITED STATES, INC., et al,
               Defendants.

## DANYEL FITZGERALD'S MOTION FOR LEAVE
## TO ACCEPT REQUEST FOR EXCLUSION

COMES NOW TO BE HEARD Danyel Fitzgerald ("Fitzgerald"), a member of

the putative class conditionally certified by the Court for the purposes of settlement,

hereby respectfully requests the Court to consider her request to be excluded from the

proposed class action settlement, in support of which she states as follows:

## I.

## SUMMARY OF MOTION

The Court should accept an untimely opt out request if the delay is the result of

excusable neglect rather than a lack of diligence or an attempt to delay until after a fairness

hearing.  Under Second Circuit law, the standard is applied relatively liberally, especially if

there is no prejudice to other parties to the lawsuit.

There is no prejudice when the delay is short.  There is also no prejudice when

exclusion from the proposed settlement will not affect settlement funds, expectations and

evaluations, such as when the request comes before final consideration of the proposed settlement.

Fitzgerald's opt out request was post marked May 28, 2014—only two days late and long before the final fairness hearing— as the result of excusable neglect, a misunderstanding as to the deadline. In addition, accepting her request for exclusion does not prejudice any party.

Thus, she respectfully requests the Court accept her request to opt out of the proposed settlement.

## II.

## <u>ARGUMENT AND AUTHORITIES</u>

Rule 6(b)(2) permits a court to extend a class member's time for opting out beyond the deadline, and specifically provides:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion . upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.

Fed. R. Civ. P. 6(b)(2) (emphasis added); *see also In re PaineWebber Limited Partnerships Litigation*, 147 F.3d 132 (2d Cir. 1998).

Thus, a class member seeking permission to opt out late must first demonstrate "excusable neglect" for his or her failure to comply with a fixed deadline. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993). The determination whether a party's conduct constitutes "excusable neglect" is an equitable one that requires a court to consider all relevant circumstances. *See id*. at 395, 113 S. Ct.

1489.    For that reason the notion is an "elastic concept."    4A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1165, at 479 (2d ed.1 987); *see also Pioneer*, 507 U.S. at 392.

Excusable neglect may be found where the relevant circumstances reveal inadvertent delays, mistakes, or carelessness.    *See id*. at 388, 113 S. Ct. 1489.    Hence, it clearly is broad enough to encompass even those omissions caused by circumstances within the movant's control.    *See id.* at 392, 113 S. Ct. 1489.    To establish excusable neglect, a movant need only show good faith and a reasonable basis for noncompliance.    *See* Wright & Miller, supra, § 1165, at 480.    A court will also consider the degree of prejudice to the opposing party.    *See* 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 6.06[3][b] (3d ed.1997).

In *Pioneer*, the Supreme Court of the United States outlined four factors that a court should consider in determining whether a party's failure to act was a result of excusable neglect:

> the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395-6.

Fitzgerald mailed her opt out request on May 28, 2014—only two days after the May 30, 2014 deadline—because of a misunderstanding as to the deadline, not a lack of diligence.    *See* Declaration of Danyel Fitzgerald attached as Exhibit A.    Nor was it an attempt to hedge her bets:  she expressed an intention to opt out of the proposed settlement

before the deadline. Thus, her misunderstanding as to the deadline constitutes excusable neglect.

In addition, accepting Fitzgerald's request for exclusion does not prejudice any party. Accepting Fitzgerald's exclusion despite the two-day delay will not affect the settlement in any way. The proposed settlement contemplates two predetermined settlement funds, both of which are independent of the number of class members or opt outs. For this reason, accepting the opt out does not alter the parties' expectations regarding the settlement—more particularly, what Unilever expects to pay and what the putative class members expect in terms of settlement monies.

Finally, because the Settlement Administrator received Fitzgerald's opt out request just days after it was mailed and well in advance of the July 9, 2014 final fairness hearing at which it will be presented to the Court for consideration, accepting the request does not impact the Court's evaluation of the proposed settlement to the extent the Court's consideration of the number opt outs as evidence of fairness.

WHEREFORE, PREMISES CONSIDERED, Danyel Fitzgerald respectfully requests the Court accept her request to be excluded from the proposed class settlement and for all such other and further relief to which she may be justly entitled.

Dated: June _, 2014

Respectfully submitted,

By: */s/ Amy E. Davis*
    Amy E. Davis
    Texas Bar No. 24007083

**CHRISTIANSEN DAVIS LLC**
4100 Spring Valley Rd., Suite 450
Dallas, Texas 75244
214.838.3501 (Main)
972.332.2306 (Facsimile)
*adavis@cdbfirm.com*

**COUNSEL FOR DANYEL
FITZGERALD**

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY REID, ALISHA
BARNETT, DAWN DAMROW,
and FRAN PENNELL, on Behalf
of Themselves and all Others                    1:12-cv-06058
Similarly Situated,

                            Plaintiffs,

                                                  Judge Ruben Castillo

      v.

UNILEVER UNITED STATES, INC., et al,
                  Defendants.


<u>DECLARATION OF DANYEL FITZGERALD</u>

      1.      My name is Danyel Fitzgerald. I am over the age of eighteen, of

sound mind and competent to make this declaration. I have personal knowledge

of the statements made in this declaration and they are true and correct.

      2.      I used the Suave® Professionals Keratin Infusion 30 Day Smoothing

Kit prior to February 12, 2014 and am a member of the putative class in the

above-referenced case.

      3.      I wish to be excluded from the proposed class action settlement in

order to pursue my claims individually against the Defendants.

      4.      Prior to May 28, 2014, I expressed an intention to opt out of the

proposed settlement to my attorney. I understood I was required to make my opt

out request in writing to the Settlement Administrator; however, I did not

understand May 28, 2014 was the deadline for mailing my written request.

Consequently, I mailed my written opt out request on May 30, 2014, two days

later than what I later learned to be the deadline.  My opt out request was made and mailed in good faith and with the intent that it be timely.  The two day delay in mailing it was because of a misunderstanding on my part about the opt out deadline.

I declare under penalty of perjury that the foregoing is true and correct.

_____    6/30/14                    _____
DATE                                                DANYEL FITZGERALD