UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY REID, ALISHA
BARNETT, DAWN DAMROW,
and FRAN PENNELL, on Behalf
of Themselves and all Others          1:12-cv-06058
Similarly Situated,

         Plaintiffs,

                                   Judge Ruben Castillo

v.

UNILEVER UNITED STATES, INC., et al,
         Defendants.

ANNMARIE DE GEORGE'S MOTION FOR LEAVE
TO ACCEPT REQUEST FOR EXCLUSION

COMES NOW TO BE HEARD Annmarie de George ("Movant"), a member of

the class certified by the Court for the purposes of settlement, hereby respectfully

requests the Court accept her untimely request to be excluded from the class action

settlement, in support of which she states as follows:

## I.

## SUMMARY OF MOTION

The Court should accept an untimely opt out request if the delay is the result of

excusable neglect rather than a lack of diligence or an attempt to delay until after a fairness

hearing. Under Second Circuit law, the standard is applied relatively liberally, especially if

there is no prejudice to other parties to the lawsuit.

There is no prejudice when the delay is short. There is also no prejudice when

exclusion from the proposed settlement will not affect settlement funds, expectations and

evaluations, such as when the request comes before final consideration of the proposed settlement.

On multiple occasions after the Court granted preliminary approval of the class settlement but prior to the May 28, 2014 deadline, Movant expressed an intention to opt out of the proposed settlement. She alerted the Court and all parties of her intention by way of a motion to expedite consideration of her and others claimants' opt out rights. However, due to serious medical issues—seizures that resulted in multiple hospitalizations during the opt out period—she incorrectly believed she had signed and returned the opt out request to counsel when, in fact, she had not.

The disruption, distress and disorientation attendant to her medical condition caused Movant's misunderstanding and constitutes excusable neglect, particularly since her illness was outside of her control and Movant sought relief from the Court within days of learning of her mistake.

Accepting Movant's request for exclusion now does not prejudice any party because the Order finally approving the class settlement was entered on July 29, 2014 and because the Court and all parties to the settlement were aware of Movant's intention to pursue her claims individually. Movant, on the other hand, will be severely prejudiced if not allowed to pursue her claims individually. Believing she had timely made an opt out request, Movant did not complete any paperwork to participate in the class settlement. If her request for equitable relief is denied, she will have no avenue at all to seek recourse for personal injuries sustained as a result of the hair product at issue in this lawsuit.

Thus, Movant respectfully requests the Court exclude her from the class settlement and allow her to pursue her claims individually.

## II.

## ARGUMENT AND AUTHORITIES

**A. Court Should Accept Request When Claimant Exercised Diligence and Good Faith and Delay is Short, Caused by Excusable Neglect Outside of Claimant's Control**

Rule 6(b)(2) permits a court to extend a class member's time for opting out beyond the deadline, and specifically provides:

> When an act may or must be done at or within a specified time, the court may, for good cause shown, extend the time:
>
> (B) on motion made after the expiration of the specified period if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1)(B); *see also In re PaineWebber Limited Partnerships Litigation*, 147 F.3d 132 (2d Cir. 1998).

Thus, a class member seeking permission to opt out late must first demonstrate "excusable neglect" for his or her failure to comply with a fixed deadline. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 391 (1993). The determination whether a party's conduct constitutes "excusable neglect" is an equitable one that requires a court to consider all relevant circumstances. *See id*. at 395, 113 S. Ct. 1489. For that reason the notion is an "elastic concept." 4A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1165, at 479 (2d ed.1 987); *see also Pioneer*, 507 U.S. at 392.

In *Pioneer*, the Supreme Court of the United States outlined four factors that a court should consider in determining whether a party's failure to act was a result of excusable neglect:

> the danger of prejudice to the [non-moving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 507 U.S. at 395-6.

Thus, a court should accept an untimely request for exclusion when the claimant exercised diligence and good faith in making the request, particularly when the delay is short and caused by excusable neglect outside of the claimant's control. *Id.* Moreover, inadvertent delays, mistakes or carelessness constitute excusable neglect. *See id.* at 388, 113 S. Ct. 1489; *see also* Wright & Miller, supra, § 1165, at 480. Acceptance of an untimely opt out request is also particularly appropriate where there is no or little prejudice to the opposing party. *See* 1 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE ¶ 6.06[3][b] (3d ed. 1997).

### B. Movant's Delay Constitutes Excusable Neglect

Here, Movant acted with diligence and good faith. Movant expressed an intention to exercise her opt out right to their counsel on multiple occasions before the May 28, 2014 deadline and well in advance of the final fairness hearing. *See* Declaration of Annmarie de George, at ¶ 3, attached as Exhibit A. Furthermore, Movant alerted the Court and all parties of her intention by way of a motion to expedite consideration of her and others claimants' opt out rights. *Id.* at ¶ 6; *see* Docket No. 100.

However, Movant suffered repeated seizures during the opt out period, a medical condition so serious that, during the same timeframe, it required multiple hospitalizations and regular treatment by a neurologist. *Id.* at ¶ 4. The condition disrupted Movant's work and other daily routines and left Movant distressed, weak, tired, disorientation and otherwise feeling poorly. *Id.* Consequently, Movant believed she had provided a signed opt out request for counsel to deliver to the settlement administrator when, in fact, she had not. *Id.* at ¶¶ 4-5.

Movant moved with haste when she discovered that was not the case, obtaining evidence of her medical condition and, with the assistance of counsel, filing this motion just two days later. *Id.* at ¶ 5.

Thus, the delay in Movant's request to be excluded from the class action settlement constitutes excusable neglect—an understandable, albeit unfortunate, mistake—outside of Movant's control and despite her diligence and good faith.

**C. <u>Acceptance of Request Does Not Prejudice Any Party</u>**

Accepting Movant's request for exclusion now does not prejudice any party for a number of reasons. As a preliminary matter, the delay is short—only twenty days after entry of the Order finally approving the class settlement. *See* Docket No. 143. In addition, all parties to the settlement were aware of Movant's intention to pursue her claims individually based on the Motion for Expedited Consideration filed by Movants and others on April 10, 2010. *See* Docket No. 100. Finally, the settlement includes two predetermined settlement funds, both of which are independent of the number of class

members or opt outs. *See* Docket No. 143. For this reason, accepting the opt out does not alter the settlement funds or the parties' pre-approval expectations regarding the settlement.

On the other hand, all parties to the settlement acknowledged the putative class members' right to opt out of the settlement. Movant will be prejudiced if not allowed to exercise that right because, believing her request had been timely submitted, she did not file paperwork to pursue claims through the class settlement procedures. If not allowed to pursue her claims individually, Movant will have no recourse for the personal injuries she suffered as a result of the hair product at issue in this lawsuit.

WHEREFORE, PREMISES CONSIDERED, Annmarie de George respectfully requests the Court accept her request to be excluded from the class settlement and for all such other and further relief to which she may be justly entitled.

Dated: August 25, 2014

Respectfully submitted,

By: */s/ Amy E. Davis*
Amy E. Davis
Texas Bar No. 24007083

**CHRISTIANSEN DAVIS LLC**
4100 Spring Valley Rd., Suite 450
Dallas, Texas 75244
214.838.3501 (Main)
972.332.2306 (Facsimile)
*adavis@cdbfirm.com*

**COUNSEL FOR ANNMARIE DE GEORGE**

# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SIDNEY REID, ALISHA
BARNETT, DAWN DAMROW,
and FRAN PENNELL, on Behalf
of Themselves and all Others        1:12-cv-06058
Similarly Situated,

           Plaintiffs,

                                  Judge Ruben Castillo

v.

UNILEVER UNITED STATES, INC., et al,
       Defendants.


## DECLARATION OF ANNMARIE DE GEORGE

1.     My name is Annmarie de George. I am over the age of eighteen, of sound mind and competent to make this declaration. I have personal knowledge of the statements made in this declaration and they are true and correct.

2.     I have suffered personal injury as a result of using the Suave® Professionals Keratin Infusion 30 Day Smoothing Kit prior to February 12, 2014.

3.     I wish to be excluded from the class action settlement in order to pursue my claims against the Defendants individually. Between February 12, 2014 and May 28, 2014, which I understand to be the opt out period, I told my attorney, Amy E. Davis, multiple times that I intended to exercise my right to opt out of the class settlement.

4.     However, I became very ill during that time period, suffering repeated seizures. This medical condition was so serious that, during the same timeframe, I was admitted to the

hospital once, seen in the hospital emergency room multiple times and required regular treatment from a neurologist. *See* correspondence of August 21, 2014 from my neurologist regarding my medical condition and the medical treatment it required during the opt out period, attached as Exhibit A.1. The condition disrupted my work and other daily routines. I became distressed and felt weak, tired, disoriented and generally bad. Because of my physical state and given my mental confusion, I believed I had provided a signed opt out request to Ms. Davis for delivery to the settlement administrator.

5.    I only recently learned that I was mistaken in this belief. Ms. Davis alerted me to that fact on August 18, 2014, and I have since worked as quickly as possible to get evidence of my medical condition in order to request that the Court accept my opt out request now even though it is late.

I declare under penalty of perjury that the foregoing is true and correct.

August 21, 2014

_____
DATE

_____
ANNMARIE DE GEORGE

DECLARATION OF ANNMARIE DE GEORGE IN SUPPORT OF MOTION FOR LEAVE TO ACCEPT
REQUEST FOR EXCLUSION                                                              Page 2

# EXHIBIT A.1

*Comprehensive Neurocare Associates, LLC*
**Xiaoping MA, M.D., Ph.D.**
Diplomate of the ABPN
100 Brick Road, Garden State Medical Center, Suite 304, Marlton, NJ 08053
Phone: 856-988-9888; Fax: 856-988-8866

## *Doctor's Note*

To Whom It May Concern:

RE: Ann Marie De george

DOB: 5/7/64

☒ Was seen in the office today.

☒ Is able to return to work/school on_____

☒ Is not able to return to work/school until_____

☒ Is/Is not able to participate in physical activity.

☒ Is in good health and has no restrictions to physical activity.

☒ Is on the following Medications:_____

_____

_____

☐ Has the following physical restrictions:_____

_____

_____

☒ OTHER She was under my care From 11/4/13 —
5/1/2014 for seizures. March, April, and May
2014 was hospitalized in April and was under
care of another doctor. Please contact office if
there are any questions.

_____                    8/21/2014
Xiaoping Ma, M.D., Ph.D.                    _____
                                           Date