**IN THE UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| SIDNEY REID, ALISHA BARNETT, DAWN DAMROW and FRAN PENELL, on Behalf of Themselves and all Others Similarly Situated, <br><br> Plaintiffs, <br> v. <br><br> UNILEVER UNITED STATES, INC., LEK, INC., and CONOPCO, INC. d/b/a UNILEVER HOME AND PERSONAL CARE USA, <br><br> Defendants. | Case No. 12 CV 6058 <br> Hon. Ruben Castillo |

**Joint Motion for Extension of Court's Jurisdiction Over Settlement Administration**

Class Counsel and Defendants respectfully and jointly move for an extension of the 9-month period originally set by the Court for its retention of jurisdiction over the administration, interpretation, effectuation and enforcement of the Settlement Agreement provisions. In support of this Motion, the parties state as follows:

1. This Court entered the Final Approval Order (the "Order") for this class action on July 29, 2014 (Doc. No. 143). In that Order, the Court retained jurisdiction for a nine-month period over the "administration, interpretation, effectuation and enforcement of the Settlement Agreement provisions." (Order, Par. 11.)[1]

---

[1] The Court also has unlimited continuing jurisdiction over the attorneys' fee issues in connection with the pending fee petition from Class Counsel. That jurisdiction exists until final judgment is entered on the fee award, because the Court bifurcated the fee determination from the entry of the Final Approval Order. The Settlement Agreement, incorporated into the Final Approval order, requires Unilever to pay attorneys' fees and expenses separately, without subtraction from the amounts set aside for the class. Settlement Agreement (Dkt. 90-1) ¶ 17.

2. The parties jointly seek an extension of that time period because the payments to Class members have not yet occurred, and the 9-month period expires on April 29, 2015. The deadline for submission of claim forms was September 25, 2014. Since that date, the Special Master and the Settlement Administrator have been diligently reviewing and analyzing the claims submitted, including the veracity of some. They expect the process to extend beyond the stipulated April 29, 2015 expiration date of this Court's jurisdiction.

3. An additional reason for the extension of the Court's jurisdiction over the administration of the settlement involves the pending appeal. An objector named Tina Martin objected to the fee petition and procedure, on the fee issues still pending before the Court, and has also filed an appeal of the Final Approval Order. Ms. Martin has filed her appellant's brief, and appellees' briefs are not yet due. Only after that appeal is decided can there be an Effective Date of the settlement, which will trigger the payments to Class Members.

4. Finally, Class Counsel note for the Court that there appear to be serious questions regarding the objector's standing to object to the fee petition process and fee petition still before the Court and her standing to pursue the pending appeal. As the Court may recall, her counsel was unable to identify her injury at the final approval hearing. Thereafter, there was no claim form submitted by a Tina Martin. Instead, there is a form from a Christina Martin, who has a signature visibly different from the signature on Tina Martin's objection. Because objector Tina Martin has not supplied an address, except to say she can be reached in care of her counsel, and because her counsel declined to describe her injuries, Class Counsel believe they must obtain discovery to determine whether she has standing to object to the settlement or to the fee award. To that end, Class Counsel has requested that Tina Martin appear for a deposition, either in Chicago or by videoconference, in light of such authorities as *In re CRT Antitrust Litigation*, 281

F.R.D. 531, 533-34 (N.D. Ca. 2012) (court had specifically retained jurisdiction over the enforcement and implementation of the settlement, and had the power to compel the deposition of an objector); *In re Netflix Privacy Litigation*, 2013 WL 6173772 (N.D. Ca. 2013) (granting motion to conduct limited discovery into the merits of an objectors' appeal, after the appeal had been filed). As of this date, her counsel has refused both overtures. Although there have been exchanges of communications on the issue and Class Counsel continues to seek resolution with the Objector, this Court's assistance may be necessary.

With the negotiated and stipulated time for this Court's jurisdiction about to expire, Class Counsel and Defendants agree that it is appropriate, subject to approval, to extend this Court's jurisdiction. Accordingly, the parties respectfully request that the Court retain jurisdiction over this matter beyond the 9-month period set by the Settlement Agreement.

Dated: April 13, 2015                                                                  Respectfully submitted,

| | |
|---|---|
| /s/ Marvin A. Miller<br>Marvin A. Miller<br>Lori Fanning<br>Miller Law LLC<br>115 S. LaSalle Street, Suite 2910<br>Chicago, IL  60603<br>(312) 332-3400<br>Fax:  (312) 676-2676<br>E-mail:  mmiller@millerlawllc.com | /s/ Paula J. Morency<br>Paula J. Morency<br>Sondra A. Hemeryck<br>SCHIFF HARDIN LLP<br>233 South Wacker Drive, Suite 6600<br>Chicago, Illinois 60606<br><br>*Counsel for Defendants*<br>*Unilever United States, Inc. and Conopco, Inc.* |
| Christopher S. Polaszek, Esq.<br>Morgan & Morgan, P.A.<br>One Tampa City Center<br>201 N. Franklin St., 7th Floor<br>Tampa, FL  33602<br>(813) 314-6484<br>Fax:  (813) 222-2406<br>E-mail:  cpolaszek@forthepeople.com | |
| Jana Eisinger, Esq. | |

| | |
|---|---|
| Law Office of Jana Eisinger, PLLC<br>11 West Prospect Avenue<br>Mount Vernon, NY 10550<br>(914) 418-4111<br>Fax: (914) 455-0213<br>E-mail: Jana.Eisinger@gmail.com<br><br>Peter Safirstein, Esq.<br>Elizabeth S. Metcalf, Esq.<br>Morgan & Morgan, P.C.<br>28 West 44th Street<br>New York, NY 10036<br>(212) 564-1637<br>Fax: (212) 564-1807<br>E-mail: psafirstein@forthepeople.com<br>E-mail: emetcalf@forthepeople.com<br><br>*Counsel for Plaintiffs* | |